IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARY BALDAN<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>BJ'S WHOLESALE CLUB, INC., et al.<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>NO: 2:20-cv-01407 |

**BRIEF OF DEFENDANT, BJ'S WHOLESALE CLUB, INC.,
IN SUPPORT OF ITS MOTION ENFORCE AGREEMENT TO SETTLE**

Defendant, BJ's Wholesale Club, Inc. (the "Club"), by its undersigned attorneys, respectfully submits this brief in support of its Motion to Enforce the Agreement to Settle into which it has entered with Plaintiff, Mary Baldan. For the reasons set forth below, Defendant respectfully requests that this Honorable Court grant its motion and enforce the parties' agreement.

I.  **INTRODUCTION**

On February 2, 2022, Plaintiff, Mary Baldan, and Defendant reached an agreement in good faith to settle this case for a confidential monetary amount. With the express written confirmation from Plaintiff's counsel that an agreement had been reached, Defendant considered this matter settled and memorialized the parties' agreement in a written confidential settlement agreement and release, a redacted copy of which is attached to the undersigned certification of counsel as Exhibit "B." Over the next eleven (11) weeks, however, Plaintiff delayed, failed and/or refused signing the agreement and delayed responding to Defendant's counsel's numerous requests to sign the agreement. Significantly, Plaintiff never questioned any material term of the written agreement, nor the monetary amount of the settlement.

It cannot be disputed that the parties reached a valid, binding agreement to settle this case in February 2022, including for the monetary amount explicitly set forth in the written settlement agreement. Thus, Plaintiff's cooperation must be enforced.

II. **FACTUAL BACKGROUND**

A. **Plaintiff's Complaint and Procedural History**

On December 9, 2019, Plaintiff commenced the instant action by filing a complaint in the Bergen County Superior Court of New Jersey. (*See* Compl.). According to the Complaint, Plaintiff was a lawful invitee of the Club, a wholesale retail store. (*See Id*. at ¶3]). Plaintiff alleged that the Club negligently, maintained, operated, supervised, and/or controlled the premises so as to create a hazardous condition by failing to take precautions as to the safety and maintenance of said premises, more specifically, wherein Plaintiff slipped and fell causing her severe and permanent personal injuries. (*Id.* at ¶4).

On January 2, 2020, the Club filed an Answer to Plaintiff's Complaint. (*See* Answer). On February 11, 2020, the Club timely filed a notice of removal action in the United States District Court for the District of New Jersey. (*See* Notice of Removal [Dkt. No.: 1]). On February 27, 2020, the Club refiled its Answer to Plaintiff's Complaint under the federal caption. (*See* Federal Answer [Dkt. No.: 3]). The parties then engaged in discovery.

B. **The parties agree to settle Plaintiff's claims for a specified monetary amount**

On April 28, 2021, the parties jointly provided United States Magistrate Judge Andre M. Espinosa with an update in accordance with the Text Order dated March 29, 2021 from Judge Wettre in which Plaintiff and the Club were ordered to provide her with an update on their settlement efforts. (*See* Letter [Dkt. No.: 20]). It was noted that a settlement offer to amicably resolve this matter had been extended and Plaintiff's counsel recommended Plaintiff strongly consider accepting it. (*Id*.)

After lengthy settlement negotiations and multiple conferences with Judge Espinosa, the parties ultimately reached an amicable, and confidential, resolution of their claims on February 2, 2022. (*See* Certification of John M. Wutz ("Wutz Certification") at ¶3). The Club agreed to pay to Plaintiff through her attorney and remit a settlement draft payable in a confidential amount representing settlement of the Lawsuit. (*Id.* at ¶4).

On February 2, 2022, the undersigned counsel for the Club sent Plaintiff's counsel the Confidential Settlement Agreement and Release (the "Release") via email, which included the confidential monetary amount agreed to by the parties along with instructions regarding the payment process. (*Id.* at ¶4) On February 25, 2022, having not yet received a signed Release, the Club, through its counsel, emailed Plaintiff's counsel again attaching the Settlement with instructions regarding the payment process and stressing an urgency to have Plaintiff sign the agreement. (*Id.* at ¶5).

On March 15, 2022, the Club still had not received a signed Release from Plaintiff and again emailed Plaintiff's counsel for a signed agreement while stressing the Club's frustration that the case was still open. (*Id.* at ¶6). On March 25, 2022, the undersigned again emailed counsel asking for a signed Release, which was followed by a telephone call from Plaintiff's counsel during which he advised that Plaintiff executed a settlement distribution sheet evidencing her agreement to settle but, despite counsel's diligent efforts, had not yet returned the executed Release. (*Id.* at ¶7). Plaintiff's counsel followed that call with an email to the undersigned acknowledging the need for Defendant to file the instant motion. (*Id.* at ¶8). As a result, the Club has been forced to seek court intervention through this Motion to Enforce Settlement.

III.  **ARGUMENT**

    A.  **The settlement agreement between the parties should be enforced.**

There is a strong judicial policy in favor of parties voluntarily settling lawsuits. *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d. Cir. 1982). When examining the validity of a settlement

agreement, "[s]tate law governs the construction and enforcement of settlement agreements in federal court." *See Excelsior Ins. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 348-49 (D.N.J. 1996). Under New Jersey law, a settlement agreement is a "contract like any other contract." *Peskin v. Peskin*, 638 A.2d 849, 856 (N.J. App. Div. 1994). "[P]arties create an enforceable contract when they agree on its essential terms and manifest an intent that the terms bind them." *Baer v. Chase*, 392 F.3d 609, 619 (3d Cir. 2004) (citing *West Caldwell v. Caldwell*, 138 A.2d 402, 410 (N.J. 1958)). Where a contract for a settlement agreement exists, the party seeking to vacate that agreement must show "compelling circumstances." *Bowels v. N.Y. Liberty*, No. 11-3529, 2014 U.S. Dist. LEXIS 172741, at *6 (D.N.J. Dec. 15, 2014). As New Jersey has a "strong public policy favoring settlements," courts should "strain to give effect to the terms of a settlement wherever possible." *Nolan v. Lee Ho*, 120 N.J. 465 (1990); *Dept. of Pub. Advocate v. N.J. Bd. Of Pub. Utilities*, 206 N.J. Super.523, 527-28 (App. Div. 1985).

  An agreement between the parties to settle "is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d. Cir. 1970) (internal citations omitted); *see also Good v. Pa. R.R. Co.*, 384 F.2d 989, 990 (3d Cir. 1967) ("the settlement agreement which was entered into by duly authorized counsel expressed the intention to settle the case for the agreed amount and was valid and binding despite the absence of any writing or formality").  Thus, a party who agrees to the essential terms of a settlement agreement is bound by that agreement, even though, at the time the essential terms are agreed upon, the parties contemplate the execution of a formal document to memorialize the agreement. *See Pascarella v. Bruck*, 190 N.J. Super. 118, 124-25 (App. Div. 1983); *U.S. v. Lightman*, 988 F. Supp. 448, 459 (D.N.J. 1997). "[S]o long as the parties agree upon the essential terms of a settlement, leaving the details to be 'fleshed out' in a writing thereafter, courts will enforce the settlement agreement notwithstanding the absence of a future writing." *Excelsior Ins. Co.*, 975 F. Supp. At 349 (internal citations omitted); *see also Moss v. McDonald's Corp.*, No. 03-

5000, 2006 U.S. Dist. LEXIS 13936 (D.N.J. March 13, 2006) (granting motion to enforce settlement agreement to resolve plaintiff's claims against his former employer).

Here, the parties reached a valid agreement to settle this case on February 2, 2022. On that date, the Club confirmed that it would settle this case for a confidential amount and, based on that assertion, emailed Plaintiff's counsel the Release. Over the next eleven (11) weeks, Plaintiff *never* alerted the Club's counsel that she disputed any material term of the Release or the monetary amount. As such, the evidence clearly demonstrates that the parties reached a valid agreement upon the material terms of the Settlement. The parties' agreement is thus enforceable. *See Finocchiaro v. Squite Corrugated Container Corp.*, No. 05-5154, 2008 U.S. Dist. LEXIS 3926, at *10-11 (D.N.J. Jan. 28, 2008) (granting motion to enforce settlement agreement).

Plaintiff failed to offer any explanation for this delay. Indeed, there is no reasonable basis for Plaintiff to delay signing the Release. In fact, Plaintiff's counsel advised that Plaintiff sign a settlement distribution sheet evidencing her consent to the settlement terms. Plaintiff was represented throughout settlement negotiations by counsel. Plaintiff, therefore, is bound by the contract into which she entered. Accordingly, this Court should enforce the parties' agreement to settle.

IV. **CONCLUSION**

For the foregoing reasons, the Club respectfully requests that this Honorable Court enter an Order enforcing the parties' agreement to settle, adopt all of the terms and conditions found within the Release and deem Plaintiff to have accepted those terms, and hold that the terms and

conditions of the Release are enforceable as against Plaintiff.

                              Respectfully submitted,

                              **CHARTWELL LAW**

Dated: <u>March 30, 2022</u>            By:  <u>  */s/ John M. Wutz*  </u>
                                            JOHN M. WUTZ, ESQUIRE
                                            I.D. NO. 041892010
                                            130 N. 18th Street, 26th Floor
                                            Philadelphia, PA  19103
                                            (215) 972-7006 (telephone)
                                            (215) 972-7008 (facsimile)
                                            jwutz@chartwelllaw.com

                                            Attorney for Defendant,
                                            BJ's Wholesale Club, Inc.