NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARY BALDAN, | : | |
| | : | Civil Action No. 20-1407-AME |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| BJ's WHOLESALE CLUB, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**ESPINOSA**, Magistrate Judge

    This matter is before the Court on the unopposed motion to enforce settlement, brought by defendant BJ's Wholesale Club, Inc. ("Defendant").[1] The Court has reviewed the written submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons that follow, the motion will be granted.

**I.   BACKGROUND**

    Plaintiff Mary Baldan ("Plaintiff") filed this premises liability action on December 9, 2019, in the Superior Court of New Jersey, Bergen County. In her Complaint, she alleges she sustained serious injuries when she slipped and fell while on the property of Defendant's wholesale retail store on December 21, 2017, as a result of Defendant's negligence. Defendant removed the action to this Court on February 11, 2020. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[1] Pursuant to Local Civil Rule 7.1, opposition to the motion was originally due April 18, 2022. By order of April 28, 2022, the Court *sua sponte* adjourned the motion, to provide Plaintiff with additional time to file opposition and to notify her that, following the extended deadline, the motion would be adjudicated. [ECF 36] Plaintiff has failed to oppose the motion.

According to the Certification of John M. Wutz, counsel for Defendant, the parties reached an amicable resolution of this matter on February 2, 2022, in which Defendant agreed to pay Plaintiff a confidential amount to settle the lawsuit upon receipt of a signed release from Plaintiff. On that same date, Wutz filed a letter advising the Court of the settlement [ECF 33], whereupon the Court administratively terminated the case, without prejudice, and set an April 4, 2022 deadline for the parties to request it be re-opened if settlement could not be consummated. [ECF 34] Also on February 2, 2022, Wutz emailed Plaintiff's counsel, Patrick Metz, the Confidential Settlement Agreement and Release ("Release"), memorializing the terms of the agreement, and included in his email the agreed-upon monetary amount of the settlement and instructions regarding the payment process. (Wutz Cert. Ex. A, B.)

Having failed to receive the signed Release, Wutz followed up with Plaintiff's counsel, emailing him three separate times to request that Plaintiff sign and return the Release so that the case could be closed. (*Id.* Ex. C, D, E.) Plaintiff's counsel telephoned Wutz on March 25, 2022, after Wutz's last email. According to Wutz, during that phone call, Plaintiff's counsel "disclosed that he advised Plaintiff to execute the release, that she had previously executed a settlement distribution sheet evidencing her consent to the settlement and that, despite diligent efforts on counsel's part, Plaintiff had failed and/or refused to execute and return the confidential settlement and release." (*Id.* ¶ 7.) That same day, Plaintiff's counsel also sent Wutz an email, in which he asked Wutz to advise "when you will be filing you Motion to Enforce." (*Id.*, Ex. E.)

Defendant filed this motion on March 30, 2022.[2]

---

[2] Upon the parties' consent to this Court's authority to conduct all proceedings, this case was referred pursuant to 28 U.S.C. § 636(c) by the Honorable Madeline C. Arleo, U.S.D.J., by order entered January 13, 2022. [ECF 31]

**II.     DISCUSSION**

A motion to enforce settlement is subject to the same legal standard as a motion for summary judgment, "because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement." *Castle Couture, LLC v. Azaria Bridal*, Civ. No. 17-6857, 2020 WL 5587449, at *3 (D.N.J. Sept. 18, 2020) (quotation omitted); *see also Tiernan v. Devoe*, 923 F.2d 1024, 1032 (3d Cir. 1991) (holding that the summary judgment standard applies to a motion to enforce settlement). A movant is entitled to summary judgment if it "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This showing must be made by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). On a motion to enforce settlement, the burden of establishing that an enforceable agreement exists between the parties falls on the movant. *Ashley v. Metelow*, Civ. No. 15-3153, 2020 WL 6537197, at *6 (D.N.J. Nov. 6, 2020) (citing *Cumberland Farms, Inc. v. New Jersey Dep't of Envtl. Prot.*, 447 N.J. Super. 423, 438 (App. Div. 2016)).

To determine whether a valid and enforceable settlement agreement has been entered into by the parties, the Court must apply state contract law. *Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 200 (3d Cir. 2012); *see also Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006) ("Under New Jersey law, a settlement agreement is a form of contract, and courts must look to the general rules of contract law to resolve disputes over a settlement agreement."). Under the law of New Jersey, the forum state and the state where the

3

agreement was allegedly made, an enforceable contract requires offer and acceptance, consideration, a meeting of the minds, and sufficiently definite terms. *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992). A meeting of the minds, or assent, requires that a party have fair notice of a contract's essential terms, *Noble v. Samsung Elec. Am.*, 682 F. App'x 113, 116 (3d Cir. 2017) (applying New Jersey contract law), and a valid agreement will exist even if other details are left to be "fleshed out" in a future writing. *Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 349 (D.N.J. 1996). Moreover, when determining whether there has been assent to a contract's terms, it is a party's objective, outward manifestation of intent to be bound thereby that controls, not any secret intention the party may have. *Castle Couture*, 2020 WL 5587449, at *2 (citing *Brawer v. Brawer*, 329 N.J. Super. 273, 283 (App. Div. 2000)); *see also Hagrish v. Olson*, 254 N.J. Super. 133, 138 (App.Div.1992) ("A contracting party is bound by the apparent intention he or she outwardly manifests to the other party. It is immaterial that he or she has a different, secret intention from that outwardly manifested."). In other words, "if parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract." *Weichert Co. Realtors*, 128 N.J. at 435. The Court notes that both the Third Circuit and New Jersey have a strong public policy favoring settlements and strive to give effect to the terms wherever possible. *Pennwalt Corp. v. Plough Inc.*, 676 F.2d 77, 80 (3d Cir. 1982); *Cooley v. Lisman*, Civ. No. 16-4499, 2020 WL 5204065, at *4 (D.N.J. Sept. 1, 2020) (citing *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990) and *Dep't of Pub. Advocate, Div. of Rate Counsel v. N.J. Bd. of Pub. Utils.*, 206 N.J. Super. 523, 528 (App. Div. 1985)).

Applying the foregoing standard here, the Court finds Defendant has carried its burden of showing that Plaintiff and Defendant entered into a valid and enforceable agreement to settle this

action. According to evidence submitted by Defendant in support of this motion, Plaintiff agreed to accept a sum of money from Defendant in return for extinguishing her claims against Defendant relating to the December 2019 incident giving rise to this lawsuit. Defendant's counsel, Wutz, has submitted a certification recounting the negotiation of the agreement with Plaintiff and her counsel, the preparation and circulation of the Release, and his communications with Plaintiff's counsel on numerous occasions after sending him the Release for execution by Plaintiff. None of these assertions are controverted.

Based on the record before the Court, at no time after the parties notified the Court that they reached a settlement nor during the several weeks thereafter, when Wutz repeatedly contacted Plaintiff's counsel to finalize the Release, did Plaintiff's counsel dispute that Plaintiff agreed to settle her claims for the confidential sum. Indeed, based on Wutz's Certification, it appears Plaintiff's counsel informed Wutz that he urged his client to sign the Release. Nor is there any indication Plaintiff otherwise objects to the terms set forth in the Release as inconsistent with her assent to a negotiated resolution.

Consequently, the Court finds Defendant has met its burden of demonstrating Plaintiff and Defendant had a meeting of the minds as to the settlement of this action and entered into a valid agreement. The settlement agreement between the parties is a binding contract, notwithstanding Plaintiff's failure to execute the document. *See Castle Couture*, 2020 WL 5587449, at *3 (granting a motion to enforce settlement and holding that defendants' "apparent change of heart as to the language of [an addendum] letter does not render this contract unenforceable."); *see also Trian Grp., Ltd. Partnership v. Accident and Cas. Ins. Co. of Winterthur*, Civ. No. 98-1026, 2006 WL 1784310, at *5 (D.N.J. June 26, 2006) ("Where a party

to an agreement-in-principle suddenly changes its mind and refuses to execute the written contract without explanation, the court must enforce the agreement."). Accordingly, the Court will enter an Order enforcing the settlement agreement, as set forth in the Release attached to the Wutz Certification as Exhibit B.

**III.  CONCLUSION**

For the foregoing reasons, Defendant's motion to enforce settlement will be granted. A separate Order will be filed together with this Opinion.

 /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated:  July 5, 2022